## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01448-CSB |
| | ) | |
| NICHOLAS SWISE, *et al.*, | ) | Judge Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

### <u>PRE-TRIAL ORDER</u>

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rule of Civil Procedure and Local Rule 16.3; and Clare Donohue and Mallory Meade having appeared as counsel for Pete Earl Taylor and Bhairav Radia having appeared as counsel for Defendants Nicholas Swise and Justin Gall; the following action was taken:

**I.    NATURE OF ACTION AND JURISDICTION**

This is an action brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff Pete Earl Taylor's Eighth and Fourteenth Amendment rights. The jurisdiction of the Court is invoked under Section 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The jurisdiction of the court is not disputed.

On June 21, 2018, Plaintiff Pete Earl Taylor was a prisoner in the custody of the Tazewell County Sheriff's Office; and Defendants Nicholas Swise and Justin Gall were correctional officers employed by the Tazewell County Sheriff's Office. On that day, Defendant Swise conducted a pat-down search of Plaintiff inside the federal courthouse in Peoria. Plaintiff claims that while Defendant Swise was conducting this pat-down, he squeezed, groped, or fondled

Plaintiff's penis and testicles, intending to humiliate Plaintiff or gratify his own sexual desires.

Plaintiff claims that Defendant Gall knew that Defendant Swise was inappropriately touching

Plaintiff and had a realistic opportunity to intervene but failed to do so. Defendants deny

Plaintiff's claims and deny that the search was conducted in any inappropriate manner.

Defendants contend the pat-down search was conducted in a routine manner necessary for

safety and security.

## II.    PROPOSED JOINT STATEMENT

### A.  JURISDICTION

Jurisdiction is not disputed and arises under Sections 28 U.S.C. § 1331 and 28 U.S.C. §

1343.

### B.  UNCONTESTED ISSUES OF FACT

1. On March 11, 2016, Plaintiff pleaded guilty to possession with intent to distribute cocaine in violation of federal law. Plaintiff was sentenced and remanded to the custody of the Federal Bureau of Prisons.

2. On April 30, 2018, Plaintiff 's custody was transferred to the Tazewell County Sheriff's Office.

3. As of June 21, 2018, Defendants Nicholas Swise and Justin Gall were employed by the Tazewell County Sheriff's Office as correctional officers at the Tazewell County Jail. Both Defendants were working on that date.

4. On June 21, 2018, Plaintiff appeared for a hearing at the United States Courthouse in Peoria. After the conclusion of the hearing, Plaintiff waited in a holding cell in the courthouse to be transported back to the Tazewell County Jail.

5. Defendants Swise and Gall were assigned to transport Plaintiff from the courthouse back to the jail on June 21, 2018.

6. Defendants arrived to bring Plaintiff from the holding cell in the courthouse to a vehicle that would take him to the Tazewell County Jail.

7. After Plaintiff was let out of his cell and was standing in the courthouse's holding area, Defendant Swise conducted a pat-down search of Plaintiff's body in the presence of Defendant Gall, U.S. Marshall Doug Sparks, and

Charles Needham, a federal court security officer.

8. On December 17, 2018, Plaintiff filed this lawsuit against Defendants Swise and Gall complaining about the June 21, 2018 pat-down search at the Peoria courthouse.

9. Plaintiff did not suffer any physical injuries as a result of the June 21, 2018 pat-down search.

## C.  CONTESTED ISSUES OF FACT

1. Whether, as of June 21, 2018, Defendant Swise was completing his field training. Whether, as of the same date, Defendant Gall was Defendant Swise's field training officer. Whether, in his role as field training officer, Defendant Gall supervised Defendant Swise's daily tasks and corrected him if he completed tasks improperly.

2. Whether, as Defendant Swise searched Plaintiff, Plaintiff verbally objected to the manner in which Defendant was conducting the search.

3. Whether, in response to Plaintiff's objections, Defendant Gall laughed and told Plaintiff that he could file a PREA complaint when they returned to the jail.

4. Whether, when Plaintiff and Defendants returned to the jail, Defendant Swise conducted a strip search of Plaintiff.

5. Whether Plaintiff subsequently filed a PREA complaint regarding Defendant Swise's June 21, 2018 pat-down search of him. Whether investigation into Plaintiff's complaint was subsequently closed.

6. Whether Defendant Swise intentionally or purposefully touched Plaintiff's penis and testicles while conducting the June 21, 2018 pat-down search.

7. Whether Defendant Swise squeezed, groped, or fondled Plaintiff's penis and testicles while conducting the June 21, 2018 pat-down search.

8. Whether Defendant Swise did so with the intent to humiliate Plaintiff or gratify his own sexual desires.

9. Whether Defendant Gall knew that Defendant Swise was inappropriately touching Plaintiff and had a realistic opportunity to intervene but failed to do so.

## D.  UNCONTESTED ISSUES OF LAW

1. Defendants were acting under color of law at all times relevant to this case.

2. There was a valid penological justification for conducting a pat-down search of Plaintiff at the courthouse on June 21, 2018.

3. Plaintiff is entitled to seek nominal and punitive damages.

### E.  CONTESTED ISSUES OF LAW

1. Whether the manner in which the June 21, 2018 pat-down search was conducted violated Plaintiff's Eighth and Fourteenth Amendment rights.

2. Whether Defendant Swise is entitled to qualified immunity.

3. Whether Defendant Gall is entitled to qualified immunity.

4. Whether the Prison Litigation Reform Act, 42 U.S.C. § 1997e, et seq., applies to Plaintiff's claim.

5. Whether under 42 U.S.C. § 1997e(e), Plaintiff cannot recover damages for mental or emotional injury in this case without a prior showing of physical injury or the commission of a sexual act (as defined in 42 U.S.C. § 2246(2)(C)).

### F.  JURY DEMAND

The parties demand trial by jury.

## III.   PLAINTIFF'S STATEMENT

### A.  ITEMIZED STATEMENT OF DAMAGES

1. Plaintiff seeks $1 in nominal damages from Defendant Swise for the alleged constitutional violations.

2. Plaintiff seeks $100,000 in punitive damages from Defendant Swise for the alleged constitutional violations.

3. Plaintiff seeks $1 in nominal damages from Defendant Gall for the alleged constitutional violations.

4. Plaintiff seeks $100,000 in punitive damages from Defendant Gall for the alleged constitutional violations.

## IV.   WAIVER OF CLAIMS OR DEFENSES

None.

## V.   EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

 A. Stipulation of uncontested facts and issues of law

 B. Plaintiff's Witness List

 C. Defendants' Witness List

 D. Plaintiff's Exhibit List

 E. Defendants' Exhibit List

 F. Joint Exhibit List

 G. Proposed Joint Jury Instructions

 H. Plaintiff's Proposed Instructions

 I. Defendants' Proposed Instructions

 J. Proposed Jury Verdict Form

## VI. GENERAL ADDITIONAL

1. Plaintiff's testimony and attendance are necessary for trial. The Clerk is directed to issue a Writ for his physical appearance:

| Name | Resident No. | Current Facility |
|---|---|---|
| Pete Earl Taylor | 25253-077 | Livingston County Jail |

**It is understood by the parties that:**

Any motions in limine shall be submitted no later than fourteen (14) days prior to commencement of the trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to the trial; except that, upon the development of testimony fairly shown to be unexpected, and party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of the trial will not exceed two full days. The case will be listed on the trial calendar to be tried when reach.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to the respective parties the right to submit supplemental proposals for instruction during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED

s/ Colin S. Bruce
_____
JUDGE

ENTERED: _3/28/23_____

APPROVED AS TO FORM AND SUBSTANCE:

s/ *Clare Donohue & Mallory Meade*
Counsel for Plaintiff Pete Earl Taylor

s/ *Bhairav Radia*
Counsel for Defendants Swise and Gall

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01448-CSB |
| | ) | |
| NICHOLAS SWISE, *et al.*, | ) | Judge Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

**EXHIBIT A – STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW**


The parties hereby stipulate that the uncontested issues of fact and uncontested issues of law are true and correct, and that the parties have agreed that such issues are true and correct statements of fact and law for purposes of use at trial in this matter.

s/ *Clare Donohue & Mallory Meade*
Counsel for Plaintiff Pete Earl Taylor


s/ *Bhairav Radia*
Counsel for Defendants Swise and Gall

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01448-CSB |
| | ) | |
| NICHOLAS SWISE, *et al.*, | ) | Judge Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

**EXHIBIT B – PLAINTIFF'S WITNESS LIST**

| Witness Name | Address/Inmate No. | Inmate | Expert | Adverse |
|---|---|---|---|---|
| Plaintiff Pete Earl Taylor | 25253-077 | X | | |
| Defendant Nicholas Swise | East Peoria Police Department | | | X |
| Defendant Justin Gall | Tazewell County Sheriff's Office | | | X |
| Douglas Sparks | US Marshal Service | | | |
| Charles Needham | US Marshal Service | | | |
| Aaron Hoffman | Tazewell County Sheriff's Office | | | |
| Carl Steele | | X | | |

**Plaintiff reserves the right to call any witnesses listed by Defendants, any witness needed for rebuttal purposes, the custodian of any record, and/or any witness needed to lay the proper foundation for any exhibit.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01448-CSB |
| | ) | |
| NICHOLAS SWISE, *et al.*, | ) | Judge Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

## EXHIBIT C – DEFENDANTS' WITNESS LIST

| Witness Name | Address/Inmate No. | Inmate | Expert | Adverse |
|---|---|---|---|---|
| Plaintiff Pete Earl Taylor | 25253-077 | X | | x |
| Defendant Nicholas Swise | | | | |
| Defendant Justin Gall | | | | |
| Douglas Sparks | | | | |
| Charles Needham | C/o USMS | | | |
| Paul Malavolti | Tazewell County Sheriff's Office | | | |
| Ryan Birch | C/o USMS | | | |
| Nicholas Leddy | C/o USMS | | | |

**Defendants reserve the right to call any witnesses listed by Plaintiff, any witness needed for rebuttal purposes, the custodian of any record, and/or any witness needed to lay the proper foundation for any exhibit.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

PETE EARL TAYLOR,             )
                                  )
          Plaintiff,          )
                                  )
          v.                  )     No. 1:18-cv-01448-CSB
                                  )
NICHOLAS SWISE, *et al.*,       )     Judge Colin S. Bruce
                                  )
          Defendants.       )

## EXHIBIT D – PLAINTIFF'S EXHIBIT LIST

| No. | Description | Admit Without Objection | Authentication Waived | Objection | Note |
|---|---|---|---|---|---|
| 1 | USMS Video of June 21, 2018 Pat-Down Search | Yes | | | |
| 2 | Tazewell County Sheriff's Office Policy # 513 (Searches) (TC 116–124) | | | Yes (FRE 401, 402, 403) | |
| 3 | Tazewell County Sheriff's Office Policy # 516 (Transport) (TC 125–126) | | | Yes (FRE 401, 402, 403) | |
| 4 | Officer Gall's Disciplinary Records (TC 127–138) | | | Yes (FRE 401, 402, 403) | |
| 5 | PREA Complaint Paperwork (TC 13–25) | | | Yes (FRE 401, 402, 403, 802) | |
| 6 | Taylor Deposition Transcript | | | | For impeachment purposes only |

| 7 | Swise Deposition Transcript | | | | For impeachment purposes only |
|---|---|---|---|---|---|
| 8 | Gall Deposition Transcript | | | | For impeachment purposes only |

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01448-CSB |
| | ) | |
| NICHOLAS SWISE, *et al.*, | ) | Judge Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

**EXHIBIT E – DEFENDANTS' EXHIBIT LIST**

| No. | Description | Admit Without Objection | Authentication Waived | Objection | Note |
|---|---|---|---|---|---|
| 1 | USMS Video of June 21, 2018 Pat-Down Search | Yes | | | |
| 2 | USMS 129 Individual Custody / Detention Report (Bates # US Marshal 36-42; TC 114-117) | | | Yes (FRE 401, 402, 403, 802) | For impeachment purposes |
| 3 | USMS 312 Personal History of Defendant (Bates # US Marshal 43-46) | | | Yes (FRE 401, 402, 403, 802) | For impeachment purposes |
| 4 | USMS JDIS Calendar for June 21, 2018 (bates # US Marshal 198) | | | Yes (FRE 401, 402, 403, 802) | For refreshing recollection |
| 5 | SDUSM Sparks Field Report (bates # US Marshal 14-15) | | | Yes (FRE 403, 802) | For refreshing recollection |
| 6 | DSO Needham Field Report (bates # US Marshal 16-17) | Yes | | | For refreshing recollection |
| 7 | USMS Tazewell County Agreement (bates # US Marshal 187-195) | | | Yes (FRE 401, 402, 403, 802) | For refreshing recollection and rebuttal |

| No. | Description | Admit Without Objection | Authentication Waived | Objection | Note |
|-----|-------------|-------------------------|-----------------------|-----------|------|
| 8 | 18-10020 Indictment | | | Yes (FRE 401, 402, 403, 802) | For impeachment purposes |
| 9 | 18-10020 Judgment | | | Yes (FRE 401, 402, 403, 802) | For impeachment purposes |
| 10 | 15-CR-344 Indictment | | | Yes (FRE 401, 402, 403, 802) | For impeachment purposes |
| 11 | 15-CR-344 Judgment | | | Yes (FRE 401, 402, 403, 802) | For impeachment purposes |
| 12 | BOP Photo Sheet of Home-Made Weapon (bates # US Marshal 196) | | | Yes (FRE 401, 402, 403, 802) | |
| 13 | Photo of Home-Made Weapon | | | Yes (FRE 401, 402, 403, 802) | |
| 14 | BOP Photo Sheet of Foil Packets (bates # US Marshal 202-204) | | | Yes (FRE 401, 402, 403, 802) | |
| 15 | Photos of Foil Packets | | | Yes (FRE 401, 402, 403, 802) | |
| 16 | Tazewell County Jail booking report (bates # TC 2) | | | Yes (FRE 401, 402, 403, 802) | For refreshing recollection |
| 17 | C/O Gall PREA report (bates # TC 14-15) | Yes | | | For refreshing recollection |
| 18 | JOS Hoffman PREA report (bates # TC 16-17) | | | Yes (FRE 802) | For refreshing recollection |

| No. | Description | Admit Without Objection | Authentication Waived | Objection | Note |
|-----|-------------|------------------------|------------------------|-----------|------|
| 19 | Tazewell County Jail Classification and Evaluation Report (bates # TC 91) | | | Yes (FRE 401, 402, 403, 802) | For refreshing recollection |
| 20 | Tazewell County Jail Classification Screening Assessment Form (bates # TC 92-94) | | | Yes (FRE 401, 402, 403, 802) | For refreshing recollection |
| 21 | Tazewell County Jail Inmate Movement Log (bates # TC 72-73) | | | Yes (FRE 401, 402, 403, 802) | For refreshing recollection |
| 22 | Tazewell County Jail Detainee Handbook (bates # TC 74-89) | | | Yes (FRE 401, 402, 403) | |
| 23 | Plaintiff's Complaint (Doc. # 1) | | | | For impeachment purposes |
| 24 | Pete Taylor Deposition Transcript | | | | For impeachment purposes |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| PETE EARL TAYLOR,                    ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| v.                 ) | No. 1:18-cv-01448-CSB |
| ) | |
| NICHOLAS SWISE, *et al.*,            ) | Judge Colin S. Bruce |
| ) | |
| Defendants.        ) | |

**EXHIBIT F – JOINT**
**EXHIBIT LIST**

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | USMS Video of June 21, 2018 Pat-Down Search | | | |
| 2 | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

PETE EARL TAYLOR,                    )
                                     )
    Plaintiff,                )
                                     )
    v.                        )    No. 1:18-cv-01448-CSB
                                     )
NICHOLAS SWISE, *et al.*,            )    Judge Colin S. Bruce
                                     )
    Defendants.               )

## EXHIBIT G –
## PROPOSED JOINT JURY INSTRUCTIONS

### Joint Instruction 1: Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*7th Circuit Pattern 1.01*

**Joint Instruction 2: Inference from Judge's Questions**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

*7th Circuit Pattern 1.02*

**Joint Instruction 3: All Litigants Equal Before the Law**

       In this case Plaintiff is an incarcerated individual. All parties are equal before the law. An incarcerated individual is entitled to the same fair consideration that you would give any individual person.

*7th Circuit Pattern 1.03 (modified to apply to incarcerated individuals)*

**<u>Joint Instruction 4: Evidence</u>**

      The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true. I have taken judicial notice of certain facts. You must accept those facts as proved.

*7th Circuit Pattern 1.04*

**<u>Joint Instruction 5: What Is Not Evidence</u>**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

*7th Circuit Pattern 1.06*

**Joint Instruction 6: Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

*7th Circuit Pattern 1.07*

**Joint Instruction 7: Consideration of All Evidence Regardless of Who Produced**

       In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

*7th Circuit Pattern 1.08*

**<u>Joint Instruction 8: Limited Purpose of Evidence</u>**

      You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

*7th Circuit Pattern 1.09*

**Joint Instruction 9: Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*7th Circuit Pattern 1.11*

**Joint Instruction 10: Definition of "Direct" and "Circumstantial" Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*7th Circuit Pattern 1.12*

**Joint Instruction 11: Testimony of Witnesses (Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

*7th Circuit Pattern 1.13*

## **Joint Instruction 12: Prior Inconsistent Statements**

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

*7th Circuit Pattern 1.14*

**Joint Instruction 13: Impeachments of Witnesses - Convictions**

     You have heard evidence that Plaintiff Pete Earl Taylor has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

*7th Circuit Pattern 1.15*

**Joint Instruction 14: Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

*7th Circuit Pattern 1.17*

## Joint Instruction 15: Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*7th Circuit Pattern 1.18*

**<u>Joint Instruction 16: Multiple Claims; Multiple Defendants</u>**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.

*7th Circuit Pattern 1.25*

## Joint Instruction 17: Burden of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

7th Circuit Pattern 1.27

## **Joint Instruction 18: Municipality Not a Party**

Defendants are being sued as individuals. Neither Tazewell County nor the Tazewell County Sheriff's Office are parties to this lawsuit.

*7th Circuit Pattern 7.01*

**Joint Instruction 19: Evidence of Policies**

You have heard evidence about whether Defendant's conduct complied with Tazewell County Sheriff's Office or Tazewell County Jail policies or procedures. You may consider this evidence in your deliberations. But remember that the issue is whether Defendants unlawfully searched Plaintiff, not whether the Sheriff's Office or Jail policy or procedure might have been complied with.

*7th Circuit Pattern 7.04 (modified)*

AGREED IF COURT DENIES DEFENDANTS' MOTION IN LIMINE

**Joint Instruction 20: Selection of Presiding Juror; General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

*7th Circuit Pattern 1.32*

**Joint Instruction 21: <u>Communication With Court</u>**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

*7th Circuit Pattern 1.33*

**Joint Instruction 22: Communication With Court**

      I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

      If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

*7th Circuit Pattern 1.33*

**Joint Instruction 23: Disagreement Among Jurors**

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

*7th Circuit Pattern 1.34*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

PETE EARL TAYLOR,                    )
                                     )
      Plaintiff,                      )
                                     )
  v.                                 )          No. 1:18-cv-01448-CSB
                                     )
NICHOLAS SWISE, *et al.*,             )          Judge Colin S. Bruce
                                     )
      Defendants.                     )

### EXHIBIT H –
### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
### (ONLY IF OBJECTIONS BY DEFENDANTS)

### Plaintiff's Instruction 1: Eighth Amendment Claim

To succeed on his Eighth Amendment claim against Defendant Swise, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant Swise intentionally and inappropriately touched Plaintiff's genitals.
2. Defendant did so intending to humiliate Plaintiff or gratify Defendant's sexual desires.

Plaintiff does not need to prove that he suffered a serious injury or that Defendant used any force. If Defendant's touching of Plaintiff's genitals caused harm to Plaintiff, that is sufficient, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

*Seventh Circuit Pattern 7.18 (modified)*
*Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012) (cited in this Court's Merit Review Order, ECF # 11)*

**<u>Plaintiff's Instruction 2: Claim for Failure to Intervene</u>**

To succeed on his failure to intervene claim against Defendant Gall, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant Swise intentionally and inappropriately touched Plaintiff with the intent to humiliate him or gratify Defendant Swise's sexual desires.
2. Defendant Gall knew that Defendant Swise was inappropriately touching Plaintiff with the intent to humiliate him or gratify Defendant Swise's sexual desires.
3. Defendant Gall had a realistic opportunity to do something to prevent harm from occurring.
4. Defendant Gall failed to take reasonable steps to prevent harm from occurring.
5. Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

*7th Circuit Pattern 7.22 (modified)*

**<u>Plaintiff's Instruction 3: Damages Generally</u>**

If you find that Plaintiff has proved any of his claims against any of Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

If you decide for a defendant on the question of liability, then you should not consider the question of damages as to that defendant.

*7th Circuit Pattern 1.31; 3.09*

**Plaintiff's Instruction 4: Nominal Damages**

     If you find for Plaintiff, then you must award nominal damages of $1.00.

     A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

*Non Pattern Jury Instruction. Taken From: United States Court of Appeals for the Third Circuit, Model Jury Instructions (modified)*

*Madison County Jail Inmates v. Thompson, 773 F.2d 834, 844 (7th Cr. 1985) (Deciding nominal damages may be award in Eighth Amendment violation when the plaintiff fails to establish actual compensable harm.)*

**Plaintiff's Instruction 5: Punitive Damages**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;
- the impact of Defendants' conduct on Plaintiff;
- the relationship between Plaintiff and Defendants;
- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*7th Circuit Pattern 7.28*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

PETE EARL TAYLOR,                              )
                                               )
      Plaintiff,                      )
                                               )
      v.                              )    No. 1:18-cv-01448-CSB
                                               )
NICHOLAS SWISE, *et al.*,                      )    Judge Colin S. Bruce
                                               )
      Defendants.                     )

## EXHIBIT I – DEFENDANTS' PROPOSED JURY INSTRUCTIONS (ONLY IF OBJECTIONS BY PLAINTIFF)

Defendants' Instruction 1

To succeed on his unlawful search claim against Defendant Swise, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant intentionally and inappropriately touched Plaintiff's genitals.

2. Defendant intended to humiliate Plaintiff or gratify Defendant's sexual desires, and not in a good faith effort to maintain security or order. If defendant had no intention of humiliating Plaintiff or deriving sexual pleasure, but was merely overzealous in conducting the pat-down search, then there was no violation of a constitutional right.

3. Defendant's conduct harmed Plaintiff. Plaintiff does not need to prove that he suffered a serious injury. If Defendant's use of force or touching of Plaintiff's private parts caused pain to Plaintiff, that is sufficient harm, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Seventh Circuit Pattern 7.18 (modified)

*Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (cited in this Court's Merit Review Order, ECF # 11)

<u>Defendants' Instruction 2</u>

Jail officials have wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security and safety of detainees and staff.

Source: *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *Mays v. Springborn*, 01-CV-1254-CSB-DGB (jury instruction given by the court, Doc. #359, p. 24).

<u>Defendants' Instruction 3</u>

If you find in favor of Plaintiff, then you may award nominal damages in the amount of $1.00 per Defendant for the violation of Plaintiff's Fourteenth Amendment rights.

42 U.S.C. § 1997e

*Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003)

*Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019)

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11 (1986)

*Carey v. Piphus*, 435 U.S. 247, 267 (1978)

Defendants' Instruction 4

*Defendants object to submitting a punitive damage instruction to the jury, but offer this instruction should the Court decide to so instruct the jury

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- Defendant's financial condition;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Seventh Circuit Pattern 7.28 (modified)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

PETE EARL TAYLOR,             )

        Plaintiff,          )

v.                   )      No. 1:18-cv-01448-CSB

NICHOLAS SWISE, *et al.*,   )      Judge Colin S. Bruce

        Defendants.    )

## EXHIBIT J – PROPOSED JURY VERDICT FORM

We, the jury, find as follows:

### Section 1: With respect to Defendant Nicholas Swise:

### Question 1: Liability

On Plaintiff Pete Earl Taylor's claim against Defendant Nicholas Swise, we find in favor of:

_____

*Note: Fill in the name of the party in whose favor you find, i.e., either Pete Earl Taylor or Nicholas Swise.*

*Note: If you find in favor of Defendant and against Plaintiff on the question of liability, then skip Question 2 and proceed straight to Section 2.*

### Question 2: Damages

*Note: If you find in favor of Plaintiff against Defendant Swise, you __must__ award him $1.00 in nominal damages and __may__ award him punitive damages.*

(a) We find for Plaintiff, and therefore award him nominal damages of $1.00.

   *Please circle:*   Yes  No

(b) We assess punitive damages, if any, against Defendant Swise in the amount of

   $ _____.

**Section 2: With respect to Defendant Justin Gall:**

**Question 1: Liability**

On Plaintiff Pete Earl Taylor's claim against Defendant Justin Gall, we find in favor of:

_____

*Note: Fill in the name of the party in whose favor you find, i.e., either Pete Earl Taylor or Justin Gall.*

*Note: If you find in favor of Defendant and against Plaintiff on the question of liability, then skip Question 2 and proceed straight to Section 3.*

**Question 2: Damages**

*Note: If you find in favor of Plaintiff against Defendant Gall, you <u>must</u> award him $1.00 in nominal damages and <u>may</u> award him punitive damages.*

(a) We find for Plaintiff, and therefore award him nominal damages of $1.00.

   *Please circle:*   Yes   No

(b) We assess punitive damages, if any, against Defendant Gall in the amount of

   $ _____.

**Section 3: Signatures:**

Please sign and date the verdict form below:

_____

Foreperson

_____                    _____

_____                    _____

_____                    _____

50

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01448-CSB |
| | ) | |
| NICHOLAS SWISE, *et al.*, | ) | Judge Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I filed an electronic copy of the foregoing Joint Proposed Pretrial Order through the CM/ECF system to the Defendants' attorney at the address below:

Bhairav Radia
O'Halloran, Kosoff, Geitner & Cook, LLC
Fourth Floor, Suite 475
650 Dundee Road
Northbrook, Illinois 60062
Phone: (847) 291-0200
Fax: (847) 291-9230
Email: bradia@okgc.com

Respectfully Submitted,
By: /s Clare Donohue & Mallory Meade
Attorneys for Pete Earl Taylor
University of Illinois
College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Avenue
Room 241
Champaign, IL 61820
clared3@illinois.edu
mmeade2@illinois.edu